UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATE OF AMERICA,** } | |
| } | |
| **Plaintiff** } | |
| } | |
| v. } | Case No. 1:21-CR-00065-RDP-SGC |
| } | |
| **DERMETRIS SIMS,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant's Motions to request information (Doc. # 270) and to disclose the grand jury transcripts (Doc. # 271). After careful review, and for the reasons discussed below, the motions are due to be denied.

**I.     Background**

On May 25, 2021, Defendant was indicted with knowingly and intentionally possessing with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Doc. # 35, p. 1-2). He was also charged with conspiracy in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C). (*Id.*). In January 2022, Defendant entered into a Binding Plea Agreement. (Doc. # 143). Defendant pleaded guilty to Count One of the Superseding Indictment which included the charges under §§ 846, 841(a)(1) and (b)(1)(A). (*Id.*). Count Two charging Defendant with knowing and intentional possession with intent to distribute was dismissed. On September 7, 2022, Defendant was sentenced to 142 months in prison along with a $100 special assessment fee. (Doc. # 242).

In May 2023, Defendant filed a "Request for Elements of Initial Indictment to Conform with FRCrP Rule 7(c) under Freedom of Information Act." (Doc. # 268). Defendant requested "the essential elements, approximate dates and general location of narcotics conspiracy, and type of narcotics involved, which was sufficient to satisfy Fed.R.Crim.P. 7(c)" as it related to the initial indictment. (*Id.*). Accordingly, the magistrate judge granted Defendant a copy of the operable indictment – *i.e.*, the Superseding Indictment (Doc. # 35). In response, Defendant filed the motions at issue before this court.

**II.   Discussion**

Defendant filed two motions on May 30, 2023 under the Freedom of Information Act ("FOIA"): (1) Request for Elements of Initial Indictment to Conform with Federal Rules of Criminal Procedure, Rule 7(c) (Doc. # 270) and (2) Motion to Disclose Grand Jury Transcript from Initial Indictment as well as Superseding Indictment (Doc. # 271). However, Defendant's motions are both without merit.

**A.   Freedom of Information Act**

The FOIA requires agencies to make information available to the public as specified under the statute. 5 U.S.C. § 522. "Agency," for the purpose of this statute, is defined as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government…or any independent regulatory agency." § 522(f)(1). In other words, "[f]ederal courts…are expressly excluded from the definition of 'agency' for purposes of the FOIA disclosure requirements." *United States v. Miramontez*, 995 F.2d 56, 59 n.3 (5th Cir. 1993) (citation omitted).

Defendant filed both motions under the FOIA, yet he makes no specific allegations of how the FOIA applies to this case. Thus, based on the language of the statute, the FOIA does not provide Defendant with relief in any form.

    **B.**    **Motion to Disclose Initial Indictment**

In his Request for Information, Defendant copies the language from his previous motion (Doc. # 268) verbatim. Defendant has already received a copy of the Superseding Indictment, which is the only operable indictment in his case. Once the Superseding Indictment was filed, the initial indictment was dismissed. *See U.S. v. McKay*, 30 F.3d 1418, 1420 (11th Cir. 1994) ("Filing a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment."). In addition, Defendant was not ultimately prosecuted under the initial indictment. All charges that Defendant faced in this case, including the charge to which he pled guilty, arose under the Superseding Indictment. Therefore, to the extent this motion requests a copy of the indictment from March 30, 2021 (Doc. # 1), the motion (Doc. # 270) is due to be denied.

    **C.**    **Motion to Disclose Grand Jury Transcript**

Defendant makes three arguments in his Motion to Disclose. (Doc. # 271). The court addresses each in turn.

First, Defendant argues that he was convicted under both the initial and Superseding Indictment. However, this assertion is both legally and factually incorrect. The Judgment makes clear that Defendant pleaded guilty to Count One in the Superseding Indictment while Count Two was dismissed by the government. (Doc. # 242). Also, Defendant was not referenced at all in the initial indictment. (Doc. #1). Thus, nothing in the record supports Defendant's claim that he was punished under both indictments in this case.

Second, Defendant alleges that the Superseding Indictment did not arise from the same facts as the original indictment. But this is plainly inaccurate. Both the original (Doc. # 1) and superseding (Doc. # 35) indictments reference the same incidents, which occurred on June 30, 2020 and July 9, 2020 in Calhoun County. In addition, the Superseding Indictment includes an additional incident occurring on March 4, 2020 in Talladega County. But even assuming, *arguendo*, that the Superseding Indictment was not based on the same facts as the initial indictment, Defendant would not be entitled to relief based on his allegations. A superseding indictment functionally replaces the prior indictment. *See McKay*, 30 F.3d at 1420. And, a superseding indictment will be restricted to the charges made in the first indictment only when the superseding indictment is brought after the relevant statute of limitations has expired. *See U.S. v. Edwards*, 777 F.2d 644, 647 (11th Cir. 1985) (finding that the allegations realleged in the superseding indictment were within the statute of limitations because the original indictment was timely filed); *see also U.S. v. Grady*, 544 F.2d 598, 601-02 (2d Cir. 1976) ("Since the statute stops running with the bringing of the first indictment, a superseding indictment brought at any time while the first indictment is still validly pending, if and only if it does not broaden the charges made in the first indictment, cannot be barred by the statute of limitations."). The incidents included in both indictments occurred between March and July 2020. The initial indictment was filed on March 30, 2021, and the Superseding Indictment was filed on May 25, 2021 – both well within the relevant five-year statute of limitations. *See* 18 U.S.C. § 3282(a); *see also U.S. v. Arnold*, 117 F.3d 1308, 1313 (11th Cir. 1997). As such, the Superseding Indictment was timely filed and need not be based on the facts of the initial indictment.

Third, Defendant claims he has a right to receive copies of the grand jury transcripts for the initial and superseding indictments. The integrity of the grand jury system depends upon the

secrecy of the grand jury proceedings. *U.S. v. Garcia*, 311 Fed.Appx. 314, 316 (11th Cir. 2009) (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979)). However, Rule 6(e)(3) of the Federal Rules of Criminal Procedure provides several exceptions to this general secrecy requirement. *Pitch v. United States*, 953 F.3d 1226, 1234 (11th Cir. 2020) ("Rule 6(e) provides an exhaustive list of detailed circumstances in which a district court may authorize disclosure."). Having said that, these limited exceptions only apply when a party requesting the disclosure of a grand jury transcript shows a particularized need. *U.S. v. Valencia-Trujilo*, 462 Fed.Appx. 894, 898 (11th Cir. 2012). That is, a party requesting disclosure must show that (1) the material they seek is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only material so needed. *U.S. v. Aisenberg*, 356 F.3d 1327, 1348 (11th Cir. 2004) (quoting *Douglas Oil Co. of Cal.*, 441 U.S. at 221-22). "General or unsubstantiated allegations do not satisfy the 'particularized need' requirement." *Valencia-Trujilo*, 462 Fed.Appx. at 898.

Only two exceptions are relevant given the arguments in Defendant's motion. Rule 6(e)(3)(E) provides:

> "The court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand jury matter:
> (i) preliminarily to or in connection with a judicial proceeding;
> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

Fed. R. Crim. P. Rule 6(e). Here, Defendant alleges that (1) he was indicted under both the initial and Superseding Indictment and (2) the Superseding Indictment did not arise from the facts used in the initial indictment. (Doc. # 271). Defendant does not claim his requested disclosure is related to a judicial proceeding nor has he shown a ground under which the indictment is due to be dismissed. Nor has Defendant satisfied any of the elements required for disclosure. Rather, Defendant has only made generalized statements that are unsupported by the record. Because

Defendant has not stated a particularized need, Defendant's request does not fit within the Rule 6(e)(3) exceptions to permit disclosure of the grand jury transcripts. Therefore, Defendant is not entitled to receive copies of the grand jury transcripts, and his motion (Doc. # 271) is due to be denied.

### IV.     Conclusion

For the reasons explained above, Defendant's Motions (1) Request for Elements of Initial Indictment to Conform with Federal Rules of Criminal Procedure, Rule 7(c) (Doc. # 270) and (2) Motion to Disclose Grand Jury Transcript from Initial Indictment as well as Superseding Indictment (Doc. # 271) are both **DENIED**.

**DONE** and **ORDERED** this September 18, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE